# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSH POWELL,

                Plaintiff,

v.

ROLLING EQUITY LEASING, LLC,
TOYOTA INDUSTRIES COMMERCIAL
FINANCE, INC., and KEVIN CONRAD,

                Defendants.

Case No. 26-CV-956-JPS

**ORDER**

On May 26, 2026, Josh Powell ("Powell"), proceeding pro se ostensibly on behalf of Aegis Logistics, Inc. ("Aegis"),[1] filed a complaint in the District of Puerto Rico alleging that Defendants Rolling Equity Leasing, LLC, Toyota Industries Commercial Finance Inc., and Kevin Conrad (together, "Defendants"), leased Aegis defective trucks. ECF No. 1. The District of Puerto Rico court, identifying "Joshua Powell" as the plaintiff, transferred the case to the Eastern District of Wisconsin, and it was randomly assigned to this branch of the court for further disposition. ECF No. 11. The transfer order found that venue in the District of Puerto Rico was improper, and venue was proper instead in the Eastern District of Wisconsin because the lease agreement at issue included a forum selection

---

[1] The Court will instruct the Clerk of Court to replace "Josh Powell" with "Aegis Logistics, Inc.," to match the complaint. ECF No. 1 at 1; *see also id.* at 3 (describing the parties and only including Aegis, not Powell). The Complaint identifies Aegis's "principal place of business at 1331 Maryland Avenue, Washington, DC 20024 and operations in Puerto Rico at 151 Calle De San Francisco, San Juan, PR 00901." ECF No. 1 at 3.

clause stating that disputes shall be brought in state or federal courts located in Waukesha County, Wisconsin, which is located within this District. *Id.* at 3–4.

Before this case can proceed, however, Aegis—who is the proper plaintiff in this action, *see supra* note 1—must fix a threshold problem. The complaint and cover sheet lists Aegis as the plaintiff in this action. ECF No. 1 at 1; *see also id.* at 3. However, Powell cannot represent a corporation pro se; corporations must appear through counsel. GEN. L.R. 83(e) ("[C]orporations . . . must be represented by legal counsel."). "[A] corporation, being nothing more than 'a convenient name for a complex web of contracts among managers, workers, and suppliers of equity and debt capital,' is legally incapable of appearing in court unless represented by counsel— 'corporations must appear by counsel or not at all.'" *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857–58 (7th Cir. 2011) (quoting *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) and citing *United States v. Hagerman,* 549 F.3d 536, 537 (7th Cir. 2008)). Aegis will have **thirty (30) days from the date of this Order** to secure counsel. If Aegis fails to secure counsel, the Court will dismiss this case without prejudice for failure to prosecute. CIV. L.R. 41(c).

Alternatively, Powell may move for leave to substitute himself as plaintiff and to amend the complaint to include allegations demonstrating that he is the real party-in-interest. FED. R. CIV. P. 15(a)(2) and 17. Under Federal Rule of Civil Procedure 17, the Court must give the real party-in-interest a reasonable time to "ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3). "Th[is] Rule allows the substitution of a party to relate back to the time of filing 'when an honest mistake has been made in choosing the party in whose name the action [was] filed.'" *Ricalday v.*

*Bockelmann*, No. 08 C 50021, 2009 U.S. Dist. LEXIS 155232, at *3 (N.D. Ill. Apr. 22, 2009) (quoting FED. R. CIV. P. 17 (Advisory Committee Notes)). However, the Court warns Powell that motions for leave to substitute and to amend the complaint will be dismissed if he cannot establish that he is a real party-in-interest. If Powell determines that he is a real party-in-interest in this action, he must move to amend and to substitute himself as plaintiff within **thirty (30) days from the date of this Order.**

Powell may determine that both he and Aegis are proper plaintiffs. In that case, Powell may move for leave to amend the complaint to add himself as an additional plaintiff and represent himself pro se. Nonetheless, Aegis would still not be capable of representing itself pro se and must be represented by counsel.

Accordingly,

**IT IS ORDERED** that the Clerk of Court **SUBSTITUTE** Aegis Logistics, Inc. for Josh Powell on the docket as plaintiff in this action;

**IT IS FURTHER ORDERED** that counsel must file a notice of appearance on behalf of Plaintiff Aegis Logistics, Inc. within **thirty (30) days** of this Order; failure to timely do so, in the absence of a motion for leave to amend and to substitute by Josh Powell, will result in dismissal of this action for failure to prosecute; and

**IT IS FURTHER ORDERED** that if Josh Powell believes that he is the real party-in-interest in this case, he must file a motion for leave to amend and to substitute himself as the plaintiff for Aegis Logistics, Inc. within **thirty (30) days** of this Order.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge