**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| AEGIS LOGISTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROLLING EQUITY LEASING, TOYOTA INDUSTRIES COMMERCIAL FINANCE, and KEVIN CONRAD,<br><br>Defendants. | Case No. 26-CV-956-JPS<br><br>**ORDER** |

This case was filed in May 2026 in the District of Puerto Rico and subsequently transferred to the Eastern District of Wisconsin. ECF Nos. 1, 12. Josh Powell ("Powell") was identified as the original plaintiff, but the Court found that Aegis Logistics, Inc. ("Aegis") was the proper plaintiff and ordered Aegis to be substituted as plaintiff. ECF No. 18 at 1–2 & n.1. Accordingly, on July 29, 2026, the Court ordered that Aegis appear through counsel or, alternatively, that Powell seek leave to substitute himself as plaintiff and amend the complaint to allege that he is the real party in interest. *Id.* at 2. The Court warned that if Aegis failed to secure counsel or Powell failed to move for leave to amend and substitute, the Court would dismiss this action for failure to prosecute. *Id.* at 3. Aegis and Powell's thirty-day deadline to take either action, *id.* at 2–3, has come and gone with no action from either party.[1] In light of this inaction, the Court will dismiss this case without prejudice. CIV. L.R. 41(c).

[1]The Court's order was mailed to Powell, as well as to Aegis at both its principal place of business and its operations address. ECF No. 18 at 1 n.1. The

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

mailing to Aegis at its principal place of business was returned as undeliverable, ECF No. 19, but the Court has no basis to believe that Powell did not receive the Court's order by mail. *See Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 476 (7th Cir. 2009) (citing *Vincent v. City Colls. of Chi.*, 485 F.3d 919, 922–23 (7th Cir. 2007) and *In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974)).